UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Julio Anilber Castellanos-Salamanca,<br><br>　　　　　Defendant. | CR 17-50006-TUC-JGZ (JR)<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to Magistrate Judge Rateau for pretrial matters. Doc. 6. Pending before the Court is Defendant's Motion to Dismiss Petition on Supervised Release for Lack of Probable Cause and/or Jurisdiction. Doc. 8. Defendant contends that the District Court lacks jurisdiction to revoke his supervised release, arguing that his supervised release term expired before the District Court initiated revocation proceedings. A hearing was conducted on February 3, 2016. Doc. 13. The Defendant was present and represented by counsel. Having considered the matter, the Magistrate Judge recommends that the motion be denied.

**I.　Background**

On January 6, 2017, this case, which involves a petition to revoke supervised release, was transferred to Arizona from the Central District of California. Doc 1, p. 1. The Petition on Probation and Supervised Release (Bench Warrant) reads in part:

1

> COMES NOW MICHELLE A. CAREY, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>Julio Amilcar Caltellanos Salamanca</u> who was placed on supervision by the Honorable <u>DALE S. FISHER</u> sitting in the Court at <u>Los Angeles</u>, <u>California</u>, on the <u>1st</u> day of <u>December</u>, <u>2014</u>, who fixed the period of supervision at <u>22 months</u>, and imposed the general terms and conditions theretofore adopted by the Court and imposed special terms and conditions as noted on the attached Judgment and Commitment Order(s).

Doc. 7, p. 2.

The order of Judgment and Commitment on Revocation of Supervised Release referenced in the petition reads in part:

> IT IS FURTHER ORDERED that the defendant, Julio Amilcar Castellanos Salamanca, shall be committed to the custody of the Bureau of Prisons for 14 months.  On release from confinement, defendant shall be placed on supervised release for 22 months as to Count 1, under the same terms and conditions as originally imposed.

Doc. 7, p. 14.

**II.     Discussion**

Revocation of supervised release "is not part of criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).  Revocation proceedings are subject to "minimum requirements of due process." *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).  The due process accorded in a revocation proceeding is flexible and informal.  *Black v. Romano*, 471 U.S. 606, 612-13 (1985). These due process requirements have been incorporated into Rule 32.1 of the Federal Rules of Criminal Procedure, which governs the revocation of supervised release. Among these minimal rights is the right to "written notice of the alleged violation." Fed.R.Crim.P.

1  32.1(b)(2)(A). For notice to be effective, it need only assure that the defendant

2  "understands the nature of the alleged violation." *United States v. Bullock*, 576

3  F.App'x 120, 122 (3d Cir.) *cert. denied*, 135 S.Ct. 296 (2014) (citing *United States v.*

4  *Sistrunk*, 612 F.3d 988, 992 (8th Cir. 2010)). In other words, a defendant's due

5  process right to pre-hearing notice is satisfied where he has written notice of the

6  conduct that resulted in his alleged violation of the conditions of supervised release

7  so that he can prepare a defense. *United States v. Jackson*, 510 F.App'x 149, 154 (3d

8  Cir. 2013); *United States v. Gordon*, 961 F.2d 426, 429–30 (3d Cir. 1992).

9        A trial court only retains jurisdiction to revoke a term of supervised release

10  during its pendency. *United States v. Vargas–Amaya*, 389 F.3d 901, 903 (9th Cir.

11  2004). Here, the petition for revocation of supervised release did not specifically

12  state that the Defendant first had to serve his 14-month prison sentence before being

13  released to start serving his 22-month supervised release sentence. Specifically,

14  Defendant contends that the Court does not have jurisdiction over the petition to

15  revoke because it reflects that Defendant "was placed on supervision on December 1,

16  2014, for a period of 22 months of supervision," and that the petition was filed on

17  November 30, 2016, alleging a violation occurred on November 24, 2016, and that

18  both of those dates are "well after the 22 month term of supervised release would

19  have expired, if commencing as stated on December 1, 2014." Doc. 8, p. 2.

20        If, as Petitioner argues, his period of supervised release commenced on

21  December 1, 2014, he is correct that the period would have expired 22 months later

22  on October 1, 2016, and the district court would not have jurisdiction over

3

revocation. However, as reflected in the judgment and commitment order quoted above, Defendant's 22 month supervised release term began to run when he was released from prison after serving 14 months. Calculating the 14-month prison sentence from the date of the order (December 1, 2014) means that the Defendant was released from prison on or about February 1, 2016. His 22-month supervised release term began to run on that date and, without a violation, would have been set to expire on or about December 1, 2017. Thus, the date of the alleged violation (November 24, 2016) is long before the Defendant's supervised release term was set to expire (December 1, 2017).

Defendant attempts to overcome this conclusion by pointing out that the petition alleges that he was "placed on supervision . . . on the 1st day of December, 2014 . . . ," and arguing that it expired 22 months later. However, the calculation of the commencement date of a period of supervised release is a question of law, *United States v. Hass*, 575 F.App'x 139, 142 (4th Cir. 2014), and the omission of the commencement date of his supervised release from petition does not mean that his supervised release commenced on the date of his sentencing. The relevant portion of the sentencing statutes provides that "[t]he term of supervised release commences on the day the person is released from imprisonment . . . ." 18 U.S.C. § 3624(e). In interpreting this statute, the Supreme Court stated:

> There can be little question about the meaning of the word "release" in the context of imprisonment. It means "[t]o loosen or destroy the force of; to remove the obligation or effect of; hence to alleviate or remove; . . . [t]o let loose again; to set free from restrain, confinement, or servitude; to set at liberty; to let go." Webster's New International

> Dictionary 2103 (2d ed. 1949). As these definitions illustrate, the ordinary, commonsense meaning of release is to be freed from confinement. To say respondent was released while still imprisoned diminishes the concept the word intends to convey.

*United States v. Johnson*, 529 U.S. 53, 56-57 (2000). Thus, as a matter of law, under the statute as interpreted by the Supreme Court, Defendant's period of supervised release could only have commenced after his release from his term of imprisonment. That fact, coupled with undisputed fact that probable cause of his violation was otherwise presented in the petition, establishes that Defendant's rights to notice were satisfied.

      Having concluded that the petition is not defective, the Court nevertheless will address an additional argument presented by the Government. The Government argues that even if the petition is defective on its face, any defect is remedied by the petition's reference to "the attached Judgment and Commitment Order(s)." Doc. 7, p. 2. The Court does not agree. In *United States v. Larsen*, 199 F.App'x 623, (9th Cir. 2006), the Ninth Circuit addressed a somewhat similar situation where a defendant challenged the petition to revoke his supervised release because it did not contain sworn facts establishing probable cause. The petition at issue in *Larsen* did not state the basis for probable cause on its face, but stated that probable cause was based on attached documents. *Id*. at 623. However, after noting that the record did not show that any documents establishing probable cause were attached to the petition, the court found the petition invalid and concluded that the district court did not have jurisdiction to revoke the defendant's supervised release. *Id*. at 623-24.

1    An examination of the docket in this case also shows that the referenced
2 judgment and commitment order were not attached to the petition.  Nevertheless, this
3 case is readily distinguished from *Larsen* because, other than not expressly alleging
4 the expiration date of Defendant's term of supervised release, the petition establishes
5 probable cause on its face.  Accordingly, the Government's failure to attach the
6 judgment and commitment order does not render the petition invalid in this case.

7    Even if the Court were to find the petition defective, "[a] due process violation
8 at a revocation proceeding is subject to harmless error analysis." *United States v.*
9 *Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003).  As noted above, even though not
10 attached, the petition expressly referenced the order of judgment and commitment.
11 And the Defendant was present in court on December 1, 2014, such that he heard the
12 district court judge impose the 14-month prison sentence and the ensuing 22-month
13 period of supervised release.  The petition, combined with the judgment and
14 commitment order which was readily available to the Defendant and counsel by
15 simply looking at the court docket, provided adequate written notice of the asserted
16 grounds for revocation, as required by the Constitution.  The written violation
17 petition also satisfied the notice requirement of Rule 32.1(a)(2)(A) & (B) of the
18 Federal Rules of Criminal Procedure.  Because the warrant was issued before
19 Defendant's term of supervised release had expired, the District Court has
20 jurisdiction to proceed with the petition to revoke Defendant's supervised release.
21 Thus, even assuming the petition to revoke was inadequate to satisfy the minimum
22 due process standards, Defendant has failed to show how the omission of the order of

judgment and commitment is harming his ability to defend against the alleged violations. See Fed.R.Crim.P. 52(a) (indicating that any error that does not affect substantial rights must be disregarded); *United States v. Walker*, 117 F.3d 417, 420–21 (9th Cir.1997) (holding due process violations related to revocation of supervised release were subject to harmless error review).

**III.   Recommendation**

Based on the foregoing and pursuant to 28 U.S.C. § 636 (b) and Local Rule 1.7(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge **RECOMMENDS** that the District Court, after an independent review of the record, deny Defendant's Motion to Dismiss Petition on Supervised Release for Lack of Probable Cause and/or Jurisdiction (Doc. 8).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections with the District Court within fourteen (14) days of being served with a copy of this Report and Recommendation.  If the objections are not timely filed they may be deemed waived.  If any objections are filed, this action should be designated with the following case number CR 17-50006 TUC-JGZ.[1]

Dated this 7th day of February, 2017.

*Jacqueline M. Rateau*
Honorable Jacqueline M. Rateau
United States Magistrate Judge

---

[1] An admit/deny hearing is scheduled before the Magistrate Judge on March 20, 2017 at 9:00 a.m.

7